# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Keith L. Gilcreast, | : | Case No. 5:06CV0556 |
| | : | |
| Petitioner | : | Judge Dan A. Polster |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Edwin C. Voorhies, Jr., Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this *pro se* action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his March 6, 2003 convictions pursuant to a jury trial of one count of murder, with a firearm specification; one count of felonious assault, with a firearm specification; two counts of having weapons while under a disability; one count of trafficking in marijuana; one count of attempted murder, with a firearm specification; one count of improperly discharging a firearm at or into a habitation or school, with a firearm specification; three counts of having weapons while under a disability, with firearm specifications; three counts of carrying a concealed weapon; one count of possession of marijuana, with a firearm specification; and one count of illegal use or possession of drug paraphernalia, upon which he is incarcerated serving cumulative consecutive sentences of forty-six years to life imprisonment.[1]

_____

[1]The convictions resulted from charges filed in November of 2002, as well as supplemental charges filed in January of 2003.  One charge of receiving stolen property was dismissed by the trial court.

1

Petitioner filed a timely appeal of his convictions to the Ohio Ninth District Court of Appeals, but on July 9, 2003 filed a motion for a new trial with the trial court based on newly discovered evidence.  Petitioner then filed with the appellate court a motion to stay the appeal pending the outcome of his motion for new trial.  The appellate court granted a 30 day stay on August 4, 2003.  Three weeks later, on August 25th, the trial court denied petitioner's motion for a new trial finding that "the Defendant has failed to establish that the 'newly discovered' evidence will change the result if a new trial is granted; is such as could not in the exercise of due diligence have been discovered before trial; and does not merely impeach or contradict the former evidence."

On September 2, 2003 petitioner filed an amended notice of appeal with the state appellate court from both the conviction and the order denying his motion for a new trial, alleging three assignments of error:

I.  Appellant's convictions were based upon insufficient evidence as a matter of law, and were against the manifest weight of the evidence.

II.  The trial court abused its discretion in denying appellant's motion for a new trial.

III.  The trial court erred in imposing maximum sentences on all counts and in imposing consecutive terms on multiple counts without making required statutory findings and stating its reasons for so doing at the sentence hearing.

On December 31, 2003 the state appellate court affirmed the judgment of conviction and the imposition of maximum sentences, but sustained the portion of petitioner's third assignment of error in which he alleged that the trial court improperly imposed consecutive sentences without making the required findings and remanded the case to the trial court for resentencing in accordance with Ohio Revised Code Section 2929.14(E)(4).

2

On February 13, 2004 petitioner appealed the appellate court ruling to the Ohio Supreme

Court, alleging the following three propositions of law:

> **Proposition of Law No. I:** Appellant's convictions were based on insufficient evidence as a matter of law, and were against the manifest weight of the evidence, and the Appellate Court further erred in its excluding the testing of sufficiency of the evidence and merely resting at manifest weight, and their findings to the manifest weight was contrary to the trial record.
>
> **Proposition of Law No. II:** The trial court abused its discretion in denying Appellant's motion for new trial, and the appellate court erred in their holding that there was no such abuse, as they overruled your appellant's second assignment of error.
>
> **Proposition of Law No. III:** The Appellant [sic] Court erred in overruling the Appellant's first part of [his] third assignment of error that the trial court erred in imposing maximum sentences on all counts.

On April 28, 2004 the court denied petitioner leave to appeal and dismissed the appeal as not

involving any substantial constitutional question.  Petitioner did not appeal this decision to the

United States Supreme Court.

While his appeal was pending before the state supreme court, on April 2, 2004 petitioner

filed with the lower appellate court an application to reopen his direct appeal pursuant to Rule

26(B) of the Ohio Rules of Appellate Procedure, claiming that he had been denied the effective

assistance of appellate counsel by reason of counsel's failure to raise on appeal issues which he

failed to identify, arguing instead that he had been denied the effective assistance of trial counsel

and prosecutorial misconduct at trial.  On April 14, 2004 the appellate court denied petitioner's

Rule 26(B) application, finding that it had been untimely filed and that the requisite sworn

statement of the basis for the claim of ineffective assistance of appellate counsel was not provided

to the court.

3

On April 28, 2004, petitioner moved for reconsideration of the appellate court's denial of his Rule 26(B) application.  On May 13, 2004 that court refused to consider the motion due to untimeliness, and ordered that it be stricken.

On May 28, 2004 petitioner appealed to the Ohio Supreme Court the appellate court's denial of his motion for reconsideration, arguing the following three propositions of law:

> **Proposition of Law No. I:** When an Appellant files a Motion for Reconsideration within statutory time of Rule equality [sic] provides that appellant shall gain consideration and jurisdiction to have his Motion overruled.
>
> **Proposition of Law No. II:** The Appellate Court must afford an Appellant benefit of the Rules accessible to him.
>
> **Proposition of Law No. III:** Pro-se litigants are to be held under less stringent standards than an Attorney.

On July 14, 2004 the court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  Petitioner filed an appeal of this decision to the United States Supreme Court on October 8, 2004, and  that court denied his petition for writ of certiorari on March 21, 2005.

Meanwhile, as it was mandated to do by the state appellate court in its decision on direct appeal, the trial court resentenced petitioner on June 30, 2004, this time stating on the record its reasons for the consecutive sentences previously imposed.

Petitioner's timely appeal of the June 30, 2004 resentencing was dismissed by the appellate court on March 7, 2005, with that court holding that it lacked subject matter jurisdiction over the appeal in light of the fact that "the trial court failed to impose sentence...[but] merely stated its findings pursuant to R.C. 2929.14(E)(3)[,]" which did not amount to a final, appealable order. Petitioner did not appeal this decision to the state supreme court.

4

On August 16, 2004 petitioner filed with the state appellate court a second application to reopen his direct appeal pursuant to Rule 26(B), which that court denied on September 7, 2004, holding that "[t]here is no statutory or other mechanism for the submission of successive motions for reopening pursuant to App. R. 26(B)."

Petitioner filed on September 17, 2004 a motion for reconsideration of the denial of his second Rule 26(B) application, which the state appellate court denied on October 5, 2004.

Petitioner appealed that ruling to the state supreme court, but on December 1, 2004 that court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

On February 28, 2006 the petitioner filed the instant *pro se* petition, in which he raises the following six claims for relief:

> **A.** **GROUND ONE:** Petitioner's conviction was based on insufficient evidence as a matter of law.
>
> **Supporting FACTS:** There was not sufficient evidence to establish that petitioner committed the crime he was charged for, and further, the State appellate court erred in resting upon their opinion solely of the weight of the evidence to conclude the fact of whether or not the evidence was legally sufficient, or insufficient.
>
> **B.** **GROUND TWO:** It was error and abuse of discretion for the State Courts to deny petitioner's motion for a new trial.
>
> **Supporting FACTS:** Petitioner was not afforded an evidentiary hearing on this motion for new trial, he was denied quality on a presentation controversy of a notarized letter to whether it constituted an affidavit. As petitioner's co-defendant Marcel McDaniel came forward and disclosed after petitioner's trial, that he "McDaniel" was the principle and only offender, who was involved in the struggle with the victim wherein a firearm was

discharged within the struggle and the alleged died as a result of the weapon discharging.

**C.     GROUND THREE:** The State courts erred in imposing maximum sentences on all counts petitioner was sentenced upon.

**Supporting FACTS:** The trial court while imposing the maximum term for everyone of the charges for which petitioner was convicted upon, by the trial courts independent belief and findings that petitioner committed the worst forms of his offense and there was likelihood of committing future crimes.

**D.     GROUND FOUR:** Petitioner was denied effective assistance of his appellate counsel wherein his counsel was same counsel at trial and on appeal and precluded from raising his own ineffectiveness at trial stage on petitioner's direct appeal.

**Supporting FACTS:** Petitioner's trial counsel was same counsel on appeal and could not raise his own ineffective performance at the appellate stage.  For this reason, Petitioner was denied legal representation of appellant counsel and denied equal protection and opportunity to the appellate process.  Wherein counsel failed to sever charges and trials from separate indictments.

**E.     GROUND FIVE:** Appellate counsel denied petitioner effective assistance of appellate counsel where counsel failed to raise the issue of prosecutorial misconduct.

**Supporting FACTS:** Petitioner's appellate counsel failed to raise within petitioner's direct appeal the assignment of error of prosecutorial misconduct when the said issue was significant and appellate counsel was very aware of the issue and prosecutor's inflammatory behavior more than likely contaminated the minds of jurors and over-powered the jurors ability to weigh the actual evidence of the case being tried before them.

**F.     GROUND SIX:** Prosecutorial misconduct.

**Supporting FACTS:** During opening statements, the

6

prosecution instructed the jurors that "the grand jury found that" Mr. Gilcreast committed crimes, while reading the indictment in the jurors presence, then during the course of the trial points petitioner out for an unsure witness, for identification before the jury adverse of the witness identifying the petitioner. Prosecution leads witness, Kameron Jackson to aver that he purchased weapons found in his possession, and witness Kamilah Grant to call petitioner a "bully" by name before the jury. Then proceeds to question Ms. Grant as to whether she ever had sex with petitioner, and then to proceed to make actual accusations of sexual conduct between petitioner and Ms. Grant before the jury, Ms. Grant being only 15 years old at the trial, and petitioner an adult. The only conclusion is that the prosecutor wanted to distract the jury to other irrelevant issues not related to the charges petitioner was being tried for and portray petitioner as a person having unlawful sex with a minor. For such reasons mentioned, his case was replete with examples of prosecutorial misconduct and resulted in petitioner being denied a fair trial.

Respondent has moved to dismiss the instant petition as having been untimely filed.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

Title 28 U.S.C. § 2244 provides that a petition for habeas corpus by a state prisoner must be filed within one year from the date on which direct review of the judgment was completed or the time to pursue such review expired. After entry of a final judgment of a "state court of last resort," a criminal defendant has ninety days to file a petition for writ of certiorari, according to Rule 13 of the Rules of Court of the United States Supreme Court. The one year limitations period begins to run upon the expiration of the time for filing a petition for writ of certiorari for

7

direct review in the United States Supreme Court.  Isham v. Randle, 226 F.3d 691, 694-95 (6th Cir. 2000).  Section 2244(d)(2) further provides that: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  However, once that time period is expired it cannot be revived by the filing of state collateral review proceedings.  Vroman v. Brigano, 346 F.3d 598, 601-602 (6th Cir. 2003), quoting Rashid v. Khulman, 991 F.Supp. 254, 259 (S.D.NY 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

The Ohio Supreme Court and the Sixth Circuit Court of Appeals have determined that a Rule 26(B) application to reopen an appeal is a collateral, post-conviction relief procedure.  Lopez v. Wilson, 426 F.3d 339 (6th Cir. 2005); Morgan v. Eads, 104 Ohio St.3d 142, 818 N.E.2d 1157 (2004).  Accord, Chapman v. Moore, Case No. 1:04CV0361, 2005 U.S.Dist. LEXIS 33139 (N.D.Ohio December 15, 2005) (Judge Wells).  Thus, the filing of such an application would toll the running of the one year limitation period under §2244(d) while it is "actually pending" before the Ohio courts.  Bronaugh v. Ohio, 235 F.3d 280, 283-286 (6th Cir. 2000).  In order to toll the limitations period that application must have been "properly filed," which the United States Supreme Court has defined as being "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g., requirements concerning the form of the document, applicable time limits upon its delivery, the court and office in which it must be lodged, and payment of a filing fee."  Artuz v. Bennett, 531 U.S. 4 (2000).  If a state court finds that a post-conviction or other collateral proceeding has not been "properly filed" in accordance with state procedural rules, that action will not toll the AEDPA limitations period.  Pace v.

8

DiGuglielmo, 544 U.S. 408 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).")

In the present case, in light of the fact that petitioner challenges his conviction, and that there is no challenge to the resentencing judgment which merely duplicated the sentence previously imposed with the addition of the trial court's statement of its reasons for imposing consecutive sentences, petitioner's conviction became final on July 27, 2004, ninety days after the state supreme court dismissed his direct appeal on April 28, 2004. The one year limitations period for filing a petition for writ of habeas corpus began to run on the following day, July 28, 2004 and expired one year later on July 28, 2005.

This petition not having been filed until February 28, 2006, was untimely.

Neither of petitioner's Rule 26 (B) applications to reopen his appeal, nor their subsequent motions for reconsideration/appeals, served to toll the limitations period, in light of the fact that the state appellate court found the first one to have been untimely filed, and the second one an improper successive Rule 26 (B) application, rendering them "improperly filed" for the purpose of tolling the AEDPA limitations period.

Finally, there is nothing in the record to suggest that equitable tolling is warranted in this case to permit review of petitioner's time-barred claims for relief in habeas corpus. It is petitioner's burden to demonstrate the necessity of equitable tolling, which is infrequently applied by the courts. Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004), cert. denied, 125 S.Ct. 200 (2004); McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003). Having failed to make such a showing, petitioner is not entitled to equitable tolling of the limitations period.

That being so, in light of all the foregoing the instant petition was untimely filed and,

therefore, it is recommended that it be dismissed.


                                        s/DAVID S. PERELMAN
                                        United States Magistrate Judge


DATE:   October 4, 2006



                              **OBJECTIONS**


        Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).